UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 10-cv-2046 RHK/FLN

| | |
|---|---|
| Brent Buzzell,<br><br>     Plaintiff,<br>v.<br><br>Citizens Automobile Finance, Inc.;<br>Manheim Tennessee, Inc. d/b/a<br>Remarketing Solutions; and<br>Professional Recovery Services<br>& Collections,<br><br>     Defendants. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and numerous Minnesota statutory and common law claims arising out of the wrongful repossession of Plaintiff's vehicle.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and pendent jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Brent Buzzell (hereinafter "Plaintiff") is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Citizens Automobile Finance, Inc. (hereinafter "Defendant CAF") is a corporation that does business in the State of Minnesota and is a "creditor" under Minn. Stat. § 571.712, and under 15 U.S.C § 1692a(4) of the FDCPA.

5. Defendant Manheim Tennessee, Inc. d/b/a Remarketing Solutions (hereinafter "Defendant MT") is a Delaware corporation and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Professional Recovery Services & Collections (hereinafter "Defendant PRS") is Minnesota Corporation and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff and Defendant CAF entered into a consumer credit transaction in 2007 for the purchase of 2007 Dodge Charger (the "vehicle").

8. In or about December 2009, Plaintiff allegedly fell behind on the payments for the vehicle.

9. Plaintiff made and Defendant CAF accepted late and partial payments during the life of the loan; specifically, Plaintiff made a payment of $300.00 on January 4, 2010 and $300.00 on January 15, 2010.

10. Upon information and belief, in or about February 2010, Defendant CAF engaged the services of Defendant MT for the purpose of aiding in the repossession of Plaintiff's vehicle.

11. Upon information and belief, in or about February 2010, Defendant MT assigned the repossession of Plaintiff's vehicle to Defendant PRS on Defendant CAF's behalf.

12. Despite accepting late and partial payments as late as January 15, 2010, at no time after December 17, 2009 and prior to February 19, 2010, did Defendant CAF send Plaintiff a written notice warning that no additional late payments would be accepted and providing Plaintiff with a date by which to cure the delinquent payments.  This notice is referred to as a *Cobb* notice as established by *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn. 1980) and *Steichen v. First Bank Grand*, 372 N.W.2d 768 (Minn.App.1985).

13. In the middle of the night at approximately 3:00 am on February 19, 2010, Plaintiff was awoken by a knock on his door by a neighbor alerting him that his vehicle was being towed from the secured garage in which Plaintiff's vehicle was parked.

14. Plaintiff immediately went to the garage and observed his vehicle being towed away by Defendant PRS.  Plaintiff then followed the tow truck, which eventually pulled to the side of the road.

15. Plaintiff was then confronted by Defendant PRS' repossession agent and an argument ensued over Defendants' taking of Plaintiff's vehicle from the secured garage in which it had been parked.  The police arrived shortly thereafter.

16. Defendants' repossession agent lied to the police and stated that he had not trespassed or breached the peace because the property manager had authorized him to enter the garage and take the vehicle.

17. That statement was untrue, however, because none of Defendants had been authorized by the property manager or Plaintiff to enter the secured garage at any time.

18. Further, the secured garage and the property around the garage had NO TRESPASSING signs clearly visible.

19. Defendant PRS' repossession agent then left with Plaintiff's vehicle and completed the repossession on behalf of Defendant CAF.

20. At all times material hereto, Defendant MT was acting as the agent within the course and scope of its employment for Defendant CAF.

21. At all times material hereto, Defendant PRS was acting as the agent within the course and scope of its employment for Defendants CAF and MT.

22. The Defendants' illegal conduct was intentional and in deliberate disregard for Plaintiff's rights under state and federal law.

23. None of the Defendants had a present right to possession when their repossession agent breached the peace and trespassed on private property on February 19, 2010, in violation of 15 U.S.C. § 1692f(6).

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq. - AGAINST DEFENDANTS MT & PRS

25. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

26. The foregoing deliberate acts by Defendants MT and PRS by and through their repossession agent constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), including but not limited to 15 U.S.C. § 1692f(6).

27. Specifically, as a result of the Defendants' trespass on private property, and because Defendant CAF had failed to comply with Minnesota common law in not sending a *Cobb* or *Steichen* notice prior to the repossession despite accepting late and partial payments, Defendants' conduct violated 15 U.S.C. § 1692f(6)(A).

28. In violating the aforementioned provisions of the FDCPA, Plaintiff has suffered emotional distress and out-of-pocket loss constituting actual and damages pursuant to 15 U.S.C. § 1692k(a)(1).

29. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for his actual damages, statutory damages, and costs and attorneys' fees, pursuant to 15 U.S.C. § 1692k.

## COUNT II.

### VIOLATION OF MINN. STAT. § 336.9-609 - BREACH OF PEACE - AGAINST ALL DEFENDANTS

30. Plaintiff incorporates by the above-recited paragraphs as though fully stated herein.

31. The self-help repossession by Defendant CAF, through its agents Defendants MT and PRS, breached the peace when:

- Defendant CAF failed to comply with Minnesota common law and send a *Cobb* and/or *Steichen* notice prior to the repossession despite accepting late and partial payments; and

- Defendants accomplished the repossession by trespassing upon private property and provided false information to the police about having authorization to do so when questioned about the repossession.

32. As a result of Defendants' conduct, Plaintiff was compelled to notify the police to report the trespass and breach of peace.

33. Defendants are liable for damages to the Plaintiff for actual damages for emotional distress and statutory damages provided by Minn. Stat. § 336.9-507.

## COUNT III.

6

## CONVERSION and TRESPASS TO CHATTEL – AGAINST ALL DEFENDANTS

34. Plaintiff incorporates by reference the above-recited paragraphs as though fully stated herein

35. Defendants wrongfully assumed control and dominion over Plaintiff's property in a manner inconsistent with and in repudiation of Plaintiff's ownership rights, and permanently deprived Plaintiff of his vehicle when they breached the peace and illegally repossessed his vehicle.

36. Defendants illegally trespassed through the use of stealth, trickery and or deception onto the private and locked property at Plaintiff's residence in order to take possession of Plaintiff's vehicle.

37. As a result of Defendants' conversion, Plaintiff has suffered the complete loss of his vehicle and other out-of-pocket expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as follows:

- an award of statutory damages in favor of Plaintiff in the amount of $1,000.00 against Defendants PRS and MT pursuant to 15 U.S.C. § 1692k;
- an award against Defendants PRS and MT for actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
- an award of actual and statutory damages according to Minn. Stat. §336.9-625 for the breach of peace against all Defendants;
- an award of actual damages related to the conversion and trespass to chattel against all Defendants; and
- for such other and further relief as may be just and proper.

Dated this 24th day of May, 2010.        By: s/Trista M. Roy_____

                                                              **CONSUMER JUSTICE CENTER, P.A.**
Trista M. Roy, Esq.
Attorney I.D. #0387737
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tristacjc@aol.com

*Attorneys for Plaintiff*

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF _____ )

    BRENT BUZZELL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                       s/Brent Buzzell_____
                                                       Brent Buzzell

Subscribed and sworn to before me
this 30 day of April, 2010.


s/Michael C. Woolever_____
Notary Public